GREGG A. RAPOPORT, APLC
Gregg A. Rapoport (SBN 136941)
444 S. Flower St. Suite 1700
Los Angeles, California 90071
Tel. 213-358-7220; Fax 213-478-0955
gar@garlaw.us

Attorney for Plaintiff
INKOMMERC LTD. (INKOMMERC OÜ)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INKOMMERC LTD. (INKOMMERC OÜ), a private limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BLUEBERRY RAIN SOUND, INC., a California corporation; MIKHAIL LOMOV, an individual,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT;**<br>2) **MONEY HAD AND RECEIVED; AND**<br>3) **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff INKOMMERC LTD. (INKOMMERC OÜ), ("Plaintiff" or "Inkommerc") hereby complains of Defendants BLUEBERRY RAIN SOUND, INC. ("BRSI") and MIKHAIL LOMOV ("Lomov") (together, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's state law based claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity

of citizenship between Plaintiff on the one hand, and Defendants on the other, and there is in excess of $75,000 in controversy in this action, exclusive of interest and costs.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District, and because at least one of the Defendants resides in this judicial district.

## NATURE OF THE ACTION

3.  This action arises from a series of advance payments made by Plaintiff and its assignor to Defendant BRSI for the purchase of professional audio equipment. BRSI was paid $482,700.53 for goods it failed and refused to deliver, and for which it failed and refused to reimburse Plaintiff and its assignor. Plaintiff seeks damages for breach of contract, restitution for money had and received, and damages for conversion of the sum of $482,700.53 by BRSI and its principal and alter ego, Defendant Lomov.

## THE PARTIES / DIVERSITY

4.  Plaintiff is an Estonian private limited liability company with its principal place of business in Tallinn, Republic of Estonia. Under Estonian law, private limited companies are entities legally distinct from their shareholders.

5.  Plaintiff is the assignee of certain claims and things of action alleged in this action against Defendants by way of a lawful assignment from Altor Limited Liability Company ("Altor"), a company based in Warsaw, Republic of Poland.

6.  On information and belief, Defendant BRSI is California corporation with its principal place of business based in the City of Garden Grove, California.

7. On information and belief, Defendant Lomov is an individual with his residence and domicile in the City of Long Beach, California, within this judicial district.

8. On information and belief, Defendant Lomov is and at all relevant times was a director and officer of BRSI.

9. On information and belief, each Defendant acted in all respects pertinent to this action as the agent of the other Defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendant(s).

10. Whenever herein an act or omission of a Defendant is alleged, the allegation shall be deemed to mean and include an allegation that Defendant acted or omitted to act through its authorized officers, directors, members, managers, agents, servants, and/or employees, acting within the ordinary course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporate or business entity.

## ALTER EGO RELATIONSHIPS

11. On information and belief, there has existed a unity of interest and ownership between Defendants BRSI and Lomov, such that any individuality and separateness between or among them has ceased, and such that each is the alter ego of the other; in that:

    a. Lomov has at all relevant times completely controlled, led, dominated, managed and operated BRSI, and has intermingled his assets with BRSI's assets, to suit his and their convenience.

    b. Lomov has at all relevant times used the assets of BRSI for his own use, and has caused or will cause their assets to be transferred to him and to one another without adequate consideration.

      c.    BRSI is, and at all relevant times was, a mere shell and sham without sufficient capital or assets, or its capitalization is and was trifling, compared with the business to be done and the risks of loss attendant thereto.

      d.    BRSI is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Lomov carried on his business, exercising complete control and dominance of BRSI to such an extent that any individuality or separateness between them does not, and at all relevant times did not, exist.

      e.    BRSI is, and at all relevant times was, intended and used by Lomov as a device to avoid the imposition of liability, and for the purpose of substituting a financially insolvent company in his place.

      f.    Adherence to the fiction of the separate existence of BRSI and Lomov as a distinct legal entity and person, respectively, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice; in that, BRSI has distributed or will distribute a substantial portion of its assets to Lomov and/or to the other without adequate consideration, all for the purpose of avoiding and preventing attachment and execution by creditors of BRSI, including Plaintiff, thereby rendering BRSI insolvent and unable to meet its obligations.

## COMMON ALLEGATIONS

12.    Between October 12, 2017 and February 21, 2018, Plaintiff Inkommerc and its assignor, Altor, made numerous advance payments to BRSI for professional audio equipment intended to be re-sold in Europe (the "Specified Goods"), as follows:

## PAYMENTS MADE BY ALTOR

13. From on or about July 1, 2017 to on or about November 17, 2017, Altor submitted orders and received invoices from BRSI for $1,489,674.90 worth of the Specified Goods.

14. From October 23, 2017 to February 21, 2018 Altor made advance payments to BRSI totaling $1,489,674.90.

15. On or about January 26, 2018, BRSI credited back $58,985.02 to Altor, resulting in a total amount paid of $1,430,690.75.

16. From October 10, 2017 to March 9, 2018, BRSI delivered $1,082,812.72 worth of the Specified Goods to Altor.

17. BRSI thereafter failed and refused to deliver the remaining $347,878.03 worth of the Specified Goods to Altor and failed and refused Altor's demand for repayment of that amount.

18. Altor has lawfully assigned its claims and things of action against Defendants to Plaintiff Inkommerc.

## PAYMENTS MADE BY INKOMMERC

19. On or about October 10, 2017 and November 14, 2017, Inkommerc submitted orders and received invoices from BRSI for $ $153,462.90 worth of the Specified Goods.

20. On October 12 and 13, 2017, Inkommerc made advance payments to BRSI totaling $149,237.70.

21. From October 10, 2017 to November 14, 2017, BRSI delivered $14,415.00 worth of the Specified Goods to Inkommerc.

22. BRSI thereafter failed and refused to deliver the remaining $134,822.50 worth of the Specified Goods to Inkommerc and failed and refused Inkommerc's demand for repayment of that amount.

23. Altor has lawfully assigned to Inkommerc all claims and things of action previously assigned to it by Inkommerc.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract --

### Against BRSI)

24. Plaintiff incorporates the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

25. By reason of their above-alleged exchanges of orders and invoices, and payments made by Inkommerc and Altor, each entered into a series of lawful contracts with BRSI requiring BRSI upon receipt of payment, to ship specified goods to Plaintiff's assignors.

26. Inkommerc and Altor fully performed all of their material obligations under these contracts, or such obligations were excused.

27. BRSI breached the terms of these contracts by failing to ship specified goods to Inkommerc and Altor.

28. As a direct and foreseeable result of BRSI's breach of these contracts, Inkommerc and Altor suffered financial injury, for which Plaintiff is entitled to recover actual and foreseeable consequential damages in an amount to be proven at trial, but not less than $482,700.53.

## SECOND CLAIM FOR RELIEF

### (Common Count for Money Had and Received --

### Against BRSI)

29. Plaintiff incorporates the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

30. By reason of the foregoing allegations, BRSI has become indebted to Inkommerc for money had and received from Plaintiff in the sum of $134,822.50.

31. BRSI has failed and refused to pay Inkommerc any portion of this sum, despite demand therefor, and has been unjustly enriched as a result.

32. By reason of the foregoing allegations, BRSI has become indebted to Altor for money had and received from Altor in the sum of $347,878.03.

33. BRSI has failed and refused to pay Altor any portion of this amount, despite demand therefor, and has been unjustly enriched as a result.

34. By reason of the foregoing allegations, BRSI owes Plaintiff restitution in the sum of $482,700.53, according to proof at trial.

### THIRD CLAIM FOR RELIEF
### (Conversion --
### Against BRSI and Lomov)

35. Plaintiff incorporates the allegations set forth in Paragraphs 1-22 above, as though set forth fully in this paragraph.

36. Having ordered and paid for the Specified Goods, Plaintiff Inkommerc was entitled to receive the Specified Goods or a refund for the $134,822.50 in advance payments Inkommerc had made therefor.

37. Having ordered and paid for the Specified Goods, Altor was entitled to receive the Specified Goods or a refund for the $347,878.03 in advance payments Altor had made therefor.

38. On information and belief, Defendants BRSI and Lomov have wrongfully taken possession of the foregoing advance payments rightfully belonging to Inkommerc and Altor and have failed and refused to return those funds.

39. As a direct and proximate result of the foregoing conversion, Inkommerc and Altor have suffered financial injury in the total amount of $482,700.53, for which Plaintiff is entitled to recover by an award of actual damages.

40. Lomov and BRSI and its employees, authorized by officers, directors, or managing agents of BRSI, undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Inkommerc's and Altor's welfare, always placing their own interests in maximizing profits ahead of Inkommerc's and Altor's welfare and of their rights and entitlement to be dealt with in a lawful

manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court enter judgment in its favor and against Defendants as follows:

1. Judgment in Plaintiff's favor and against Defendants on all claims for relief alleged herein;

2. For damages in an amount to be proven at trial, but not less than $482,700.53;

3. For restitution, as alleged;

4. For punitive damages;

5. For costs of suit, including attorney's fees to the extent allowed by law;

6. For prejudgment interest; and

7. For such other and further relief as the Court may deem to be just and proper.

Dated:  February 4, 2020

GREGG A. RAPOPORT, APLC

s/ *Gregg A. Rapoport*
Gregg A. Rapoport

Attorney for Plaintiff
INKOMMERC LTD. (INKOMMERC OÜ)

-8-
COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated:  February 4, 2020

GREGG A. RAPOPORT, APLC

s/ *Gregg A. Rapoport*
Gregg A. Rapoport

Attorney for Plaintiff
INKOMMERC LTD. (INKOMMERC OÜ)